IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,

v.

**GABRIEL TIGMARAU**,

Defendant.

Case No. 3:19-cr-00330-SI-02

**ORDER**

**Michael H. Simon, District Judge.**

      Defendant Gabriel Tigmarau moves the Court under 18 U.S.C. § 3582(c)(1)(A)(i) to reduce his sentence to time served. ECF 94 (Amended Motion). According to the Bureau of Prisons (BOP), Mr. Tigmarau's projected release date is April 19, 2022. Although Mr. Tigmarau has satisfied the exhaustion requirement under the statute, the Government opposes Mr. Tigmarau's motion on the merits. Because Mr. Tigmarau has not demonstrated extraordinary and compelling reasons for his release and a reduction in his 42-month sentence of imprisonment would undermine the sentencing factors identified by Congress in 28 U.S.C. § 3553(a), the Court denies Mr. Tigmarau's motion.

      A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824-25

(2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as "compassionate release," to reduce a defendant's sentence when there are "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons (BOP), acting on a defendant's behalf, could file a motion for sentence reduction under § 3582(c)(1)(A). *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).

In the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to allow a defendant, after first requesting the BOP to move for a sentence reduction on the defendant's behalf, directly to ask the district court for a reduction in sentence. In relevant part, that statute reads:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i) Extraordinary and compelling reasons warrant such a reduction;
>
>     \*   \*   \*
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statements identify categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and family circumstances. U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statements, however, only apply to motions under § 3582(c)(1)(A) filed by the BOP Director on behalf of a defendant. *See Aruda*, 993 F.3d. at 802. On a defendant's direct motion for

compassionate release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id*. (citation omitted). As a result, a district court may consider any extraordinary and compelling reason for release that a defendant raises. *Id*. As discussed below, the risk of contracting COVID-19 in federal prison generally does not constitute an extraordinary and compelling reason to reduce a defendant's sentence, although a district court must still consider a defendant's specific medical and physical conditions.

Mr. Tigmarau is 50 years old. He has been fully vaccinated against COVID-19. At the age of 14, he had open heart surgery for pulmonary hypertension. He continues to have cardiac issues, including severe obstructive sleep apnea (OSA). While incarcerated, Mr. Tigmarau tested positive for tuberculosis (TB). Prison staff promptly transported Mr. Tigmarau for an outside consultation by a medical doctor. Based on imaging tests, it was determined that Mr. Tigmarau had "[n]o active cardiopulmonary disease." Nevertheless, the BOP has provided Mr. Tigmarau with a continuous positive airway pressure (CPAP) machine to assist with his sleep apea disorder. Mr. Tigmarau understandably is concerned about his potential exposure to COVID-19, a virus that thrives in crowded, confined spaces. Chronic lung diseases, including pulmonary hypertension, elevate a person's risk of becoming seriously ill from COVID-19.2. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Aug. 20, 2021) (last visited Aug. 26, 2021).

Mr. Tigmarau is currently serving his sentence at the Federal Detention Center in Seattle, Washington (FDC Sea/Tac). As of August 27, 2021, FDC Sea/Tac has two inmates and one staff member currently testing positive for COVID-19 and 192 inmates and 46 staff having previously recovered from COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited Aug. 27, 2021). The Ninth Circuit, however, has made clear that pre-existing medical conditions that add an

PAGE 3 – ORDER

increased risk of complications from COVID-19 do not necessarily present "extraordinary and compelling" circumstances warranting compassionate release, even when a defendant is housed in a facility where inmates have tested positive for COVID-19. *See United States v. Higgins*, 849 F. App'x 215 (9th Cir. 2021); *United States v. Dixon*, 848 F. App'x 332 (9th Cir. 2021); *United States v. Alvarado*, 841 F. App'x 31 (9th Cir. 2021); *United States v. Wheeler*, 837 F. App'x 542 (9th Cir. 2021); *United States v. Gipson*, 829 F. App'x 780 (9th Cir. 2020); and *United States v. Mortensen*, 822 F. App'x 634 (9th Cir. 2020).

In addition, Mr. Tigmarau's release would undermine the sentencing factors listed in 18 U.S.C. § 3553(a). The nature of his underlying offense is significant. On February 17, 2021, the Court sentenced Mr. Tigmarau to serve a 42-month sentence of imprisonment, consisting of 18 months for bank fraud and an additional (or consecutive) 24 months for aggravated identity theft. ECF 83. The sentence ordered by the Court was necessary to reflect the seriousness of these offenses, promote respect for the law, provide just punishment for these offenses, afford adequate deterrence to future criminal conduct, and protect the public.

Because compassionate release is not warranted in this case, the Court DENIES Defendant's Amended Motion to Reduce Sentence Pursuant to U.S.C. § 3582(c)(1)(A)(i). ECF 94.

**IT IS SO ORDERED.**

DATED this 27th day of August, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge